Good morning. It's a pleasure to be here this morning. In the state of Arizona, a judgment creditor has five years in which to enforce a judgment. Otherwise, they lose that right. They can renew that right to enforce their judgment by two means, by an action on the judgment or by a renewal affidavit. The district court in this case erred because it, in essence, created a third means to renew that judgment that it called renewal by action. It didn't comport with renewal by action and had the effect of making renewal by affidavit entirely superfluous because it eliminated the need for an affidavit. So how would you define action on the judgment? An action on the judgment would be a new lawsuit whose purpose of which is to obtain a second judgment, the purpose of which second judgment is to be able to enforce or collect on the uncollected part of the original action. You know, it's kind of an odd concept to have two suits that result in a judgment instead of some other means like recordation or something. And I believe that that's exactly the reason that renewal by affidavit was created statutorily, to eliminate the cumbersome process of having to file the second lawsuit, obtain the second judgment, and then proceed accordingly. Pursuant to the Arizona statute, there are two options that the judgment creditor has to avoid that expiration. Let me ask you a question since you're right on the cusp of that. If one institutes this other action, is there anything in the Arizona law that says it has to be instituted in Arizona? I don't believe there's any case law that says that. What it does say is that there isn't any statute that says that. No, there isn't. So if, in fact, what you're arguing that the only way to do it is start another lawsuit someplace else, then why is the RICO suit not exactly what you're suggesting they should have done? The reason for that is the RICO suit doesn't plead even the existence of what we refer to as the Arizona judgment. It doesn't even mention it. And, in fact, the RICO lawsuit is designed to obtain a second judgment for an additional some $35 million. It's not designed and it doesn't plead that its purpose is to renew the Arizona judgment. So what you're really saying is that even though it's talking about the same kind of actions or the same kind of problems, that I'm to read into the Arizona law that it must only be to try to collect the same thing that they already have in the other judgment? There is Arizona case law that states that the cause of action for an action on a judgment has to have the elements of which are the existence of a judgment, which I, as judgment creditor, own, and that that judgment is unsatisfied. The 2006 lawsuit that was filed in California doesn't recite those allegations and doesn't request a judgment be entered to renew the Arizona judgment. It's a fraudulent transfer case. The action is directed primarily towards fraudulent transferees of the judgment debtors, coupled with allegations of conspiracy in RICO. Entirely separate cause of action from renewing the existing underlying judgment. I understand your argument. The reason that I assert that that ---- I think Judge Fletcher may have had a question. Oh, I'm sorry. It seems to me that there is some confusion in the Arizona law which might suggest that we should be certifying this to the Arizona Supreme Court. Tell us what the Arizona law is. Do you agree with that? Could you clarify the Arizona law on which aspect, Your Honor? Well, as to what an action is and what it takes to renew a judgment. Well, in the associated aviation underwriters case, the Arizona Court of Appeals has stated that the purpose of an action on a judgment is to obtain a new judgment, which certainly at least implies a new lawsuit. And you're correct. The Arizona law, there is no Arizona law on this issue. I think part of the reason is ---- Well, there's some Arizona law. It's 1215, which was not cited in your brief or in the other brief, which is the action is any matter or proceeding in a court. That's correct. Civil or criminal. That's correct. And my response to that was that that encompassed the whole action. Another defined term is the term process in Arizona 1215, parens 32, which means a citation, writ or summons issued in the court of a judicial proceeding. In this case, the actions, the activity that the district court relied on were in the nature of process. And pursuant to Arizona 121551B, our renewal statute, that affidavit or process must be made pursuant to Arizona 121612, which requires a renewal affidavit. So in essence, what the district court judge did is to say that we don't have an action on a judgment. There was no lawsuit filed here. There will be no judgment that results. There was no renewal affidavit filed. But instead, what I'm going to rule is that you can renew by process minus the affidavit. And that adds a third means of renewal that is not in Arizona law. In essence, you have a third mechanism. Would you not agree that a proceeding could be simply the execution of the judgment or proceeding to execute the judgment or trying to do something with the judgments that you have, therefore indicating that the judgment is still in force or still wanted to be enforced? I mean, it seems to me that when one reads any matter or proceeding, having been somewhat of an old collections lawyer, I always got my judgment, and then I had to go someplace else, usually wherever the property was, and institute some proceeding, whatever they needed in that particular area, to make sure that I could try to collect my judgment. And that's exactly what happened here. The proceeding here would be from start to finish, from the time that the judgment was registered. Why then put matter or proceeding? Well, I — Why have that in the statute? It's not entirely clear why it is in the statute. That's the way you would see it? Yes. But you don't see it as an alternative? Not given the definition of process, which seems to be more specific than that, and focuses directly in on citations, writs, and summons. In this case, what the district court relied on were writs of execution and writs of garnishment to say that we had renewal by action. I would argue that what that was was a way of saying, we're not going to bother with renewal by affidavit. We're not going to require you to file an affidavit, even though 1612B says you have to. Instead, you can file anything you want in the court, and that will be good enough to renew the judgment. There's a third way of looking at it, which is that the registration of the final judgment after appeal was the registration of the judgment. It didn't require an affidavit. The problem with that is that because they'd already registered the judgment and began to collect on it, in essence, that would have created a second judgment on the same cause of action. And I don't believe that that's the law. I'm not sure that's exactly so. I mean, one could construe the statute as saying that's a confirmation of the judgment that runs from the registration of the judgment after appeal. That's another way of looking at it. I don't think the statute addresses that circumstance. If it were taken to be an amendment of the original registration, then I would take the position that it relates back to the original registration and would not, therefore, somehow constitute a second registration or a second judgment. The primary issue I have with that is under that theory, Fidelity would then have two $8 million judgments to collect. I gather that no bond was posted on the appeal. I wasn't involved in the litigation, but that's my understanding, yes. Okay. You want to save some time for rebuttal? I will. Thank you. Ms. Kroll? Good morning. May it please the Court, my name is Janice Kroll. I'm representing Appellees Fidelity Financial, National Financial Incorporated and Fidelity Express Network in this matter. Fidelity holds an $8 million fraud judgment. Could you speak a little louder or get the mic a little closer to you? Thank you, Your Honor. That's a lot better. Thank you. Fidelity holds an $8 million fraud judgment against the Freedmans and the relatives, the Mashkatais. In 2002, it was entered in Central District of California Federal Court. Fidelity then registered it in Arizona District Court. And since 2002, Fidelity has engaged in various collection activities in Arizona. And then in 2006, Fidelity filed a second RICO action, which includes fraudulent transfer claims as well, against the judgment debtors and their transferees and family businesses and trusts to recover that judgment again. So what do you think of that? I mean, let's assume it was a straight action to collect the debt in another state. Why would that be sufficient under Arizona law to re-register it? I'm not quite sure I follow the logic on that. I mean, this is one step further because it's a RICO action, but why would an extraterritorial suit of any type serve as an action to re-register a judgment in a particular state? Well, as a matter of statutory interpretation, the Court has identified the definition of action in Arizona. I mean, just in terms of construing the statutes as a whole, I mean, I understand the argument, but it's one of notice. And let's say that there's an action you tried to collect on some property in Illinois or New York. Why would that serve to renew the judgment in Arizona? Again, I can only go back to a matter of statutory interpretation and the intent of the legislature. And to the extent that the definition, 1215, says that it includes any matter or proceeding in a court, civil or criminal, it doesn't say in Arizona court. Now, I realize in this case you did register notice of the RICO action in Arizona, but in the ordinary case that wouldn't necessarily be so. So why would the commencement of an action, if we're just talking straight statutory interpretation, why would a commencement of an action in another state serve as sufficient notice in Arizona to renew the judgment? Well, in terms of the notice, of course, Arizona Statute 12113 says that the definition shall be applied to construe the provisions of the Arizona Code unless it's contradictory to the manifest intent of the legislature. Well, isn't the whole point of renewal of the judgment so that, I mean, it's notice to other creditors. That's one of the points of it, so that they're of record notice. If it's a real estate registration, it might be a lien on the property. How could a creditor, a competing creditor, find out about an action in another state if you don't post notice in Arizona? I realize you did in this case, but conceptually your argument is that action includes anything in another state, and I just don't see how it would put a bona fide purchaser or another creditor on notice. Well, then it seems to me, again, as a matter of statutory interpretation, you have the statute which asks that the definition be incorporated into this provision unless it contradicts the manifest intent of the legislature. The legislature never said that renewal of judgments, their intent was to provide third-party notice. No, but, I mean, it sort of makes sense. That's why it usually is for states. Yeah, I understand that. But even in the Supreme Court case in Reece Smith in Arizona, when they talked about notice, they talked about it in terms of the provision 12-1612, the renewal affidavit, and they talked in terms of 12-1611, renewal by action, in terms of enforcement. And in that case, for example, the court recognized that if a debtor filed bankruptcy, the judgment would be stayed. Well, I mean, let's use that as an example. Let's say the debtor filed bankruptcy in Arizona, and the only action taken was a lawsuit in another state that was not registered in Arizona. Why wouldn't that judgment be subject to being avoided in bankruptcy? I'm not sure I understand the hypothetical. Well, I mean, if it's not a recorded judgment, it would be subject to the strong-arm provision, the trustee strong-arm provision. It would eliminate that as a secured status on the property. Well, I would assume that if you wanted to preserve your judgment in bankruptcy, you would file a non-discharge action. I was actually talking about bankruptcy in terms of the fact that if the debtor had, for example, no longer in Arizona but in Connecticut and filed bankruptcy in Connecticut, that bankruptcy would still stay the enforcement of the judgment in Arizona. And so a third party would still be required to figure all that out, even though there was something going on outside of Arizona that would affect the time period for the renewal. Well, that's true, but I'm talking about lien priority and whether or not the lien would attach to properties. So I guess that's part of my concern. Well, just if I may, there is one case that explicitly addresses the difference between renewal of judgments and the renewal of judgment liens and makes the distinction between the notice in those two cases. Let me ask you a further question, if I might. Does it matter what type of action, under your theory, is initiated in another state? It seems to me that under the statutory analysis and in the appellate cases in Arizona that have found actions to be actions on the judgment, renewing the judgment, what matters is that it seeks to recover those funds that were the matter of the judgment. There is a case, for example, where the creditor doesn't even sue the judgment debtor. The creditor sues the insurance company for that. And there's no magic words in terms of what the courts have found to be actions renewing the judgment. So it seems to me it would be a no-displeading policy matter that if one of the purposes of the action is to recover those amounts that were previously awarded in an underlying judgment, I would argue that's an action renewing the judgment. And under your theory, it doesn't matter what court, wherever. It could be a justice court in Florida. That would be sufficient. Well, again, the definition in 1215 is broad. That's what you're saying. I'm getting to the extreme, but that's what your position is. Yeah. That's what the language is. Okay. What is your view on the possible certification to the Arizona Supreme Court? I found after reading all of the cases that there was some doubt in my mind as to actually what the Supreme Court would say. Your Honor, it seems to me that there would be three potential reasons for the court to decide not to certify to the Arizona court. One would be that under the case law, certification is recommended when the case is exceptional. And in this case, there's no state entities, agencies, banks. It's just a private matter. And in this case, too, the Arizona court accepts certification when the issue of Arizona law is determinative. And Fidelity argues that there are at least issues of federal law that are involved in this case as well. And then, finally, the district court denied certification on the grounds that the Judge Broomfield didn't feel that there were any helpful questions that could be certified that would be determinative, such that the Arizona court would accept it. And then as a final point, counsel's brief has argued that in 99.9% of the cases in Arizona, judgments are renewed by affidavit. So this would suggest that this particular issue is, although an issue of Arizona law, perhaps not of general import. It involves a great deal of money, as I understand it. It involves, I'm sorry, Your Honor? Pardon? It involves a... A lot of money. To us, it does, yeah. Yeah. It's a substantial judgment. I mean, if you adopt, I mean, if Arizona were to adopt your theory, that, you know, title insurers and others might well want to take that into consideration. So it might have broader implications than what's going on here. Yeah. Any further questions? Do you have anything you want to add? You have about 40 seconds left. Thank you, Your Honor. I would just like to conclude that Fidelity respectfully requests that this court may affirm the order and the findings of the district court that under the statutory interpretation of the Arizona statutes, Fidelity has renewed the judgment in Arizona in two ways, by the RICO action in California, federal court, and then also by the collection proceedings that were undertaken in Arizona. Thank you very much. May I ask a practical question? Is there any property in Arizona of which you're aware? Yes.  All right. Thank you. Thank you. I'm going to try very briefly to respond to two of the questions. One question that was asked is, why would commencement of an action extraterritorially serve as notice? And the answer to that is it wouldn't because – Right, but you already sort of conceded that in answer to Judge Smith's question, didn't you? It wouldn't serve as – You can change your mind. That's okay. What I meant was it might serve as notice, but it couldn't serve to renew the judgment because no judgment was entered. It would seem to be violative of due process to say the mere filing of a lawsuit or the mere issuance of a writ of garnishment, for example, would somehow renew the judgment. When you file an affidavit, the filing of the affidavit renews the judgment. When you institute a new lawsuit and you get a judgment, that renews the judgment. With a writ of garnishment, for example, we don't know whether the issuance of the writ, the service of the writ, the answer to the writ, the judgment entered against the judgment or the garnishee serves to renew. We don't know. We're really talking only about renew in any one of those circumstances. We're not talking about any more than renew, are we? We're talking about what are the events upon renewal. That's why I worried about, you know, I thought your question, your answer previously was pretty straightforward. It's just a matter of making notice of renewing, of saying we're still anxious to get this judgment. You don't have to fight about whether the judgment is valid or not. It's there. We're talking about whether it continues or not. Arizona law provides for a rolling five-year opportunity to renew. If you don't know the date it renewed the last time, it's going to be difficult to know when you need to renew it the next time without letting that five-year period slip by. That's why I think it's important to know when it renewed. Under the district court's ruling, you can't tell because it's too wide open, too loose. And I'm totally out of time, so I don't know if that's appropriate. We have one more point you want to make. Go ahead. The judge had asked regarding certification of questions to the Arizona Supreme Court. I would urge that before the district court is affirmed in this case, because this will create new law in the State of Arizona, that the Arizona Supreme Court ought to take a look at it. If the inclination is the reverse, then it's not necessary. If we're inclined to rule against you, we should certify, and if we're inclined to rule for you, we should just go ahead and do it. It sounds rather convenient, I realize. I realize that. That's a very practical answer, and I thought you probably meant that all the time. Thank you very much. That's for many parties who get asked that question. So thank you both for your arguments. The case is sure to be submitted.
judges: Fletcher B. , Thomas, Smith N. R.